**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| : | | |
| CHRISTINA ORTIZ, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 16-0525 (ES) |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| ATTORNEY GENERAL OF THE, | : | |
| STATE OF NEW JERSEY, et al. | : | |
| | : | |
| Respondents. | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

Before the Court is Petitioner Christina Ortiz's ("Petitioner") petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (D.E. No. 1). The Court has reviewed the relevant records and the parties' submissions. As explained more fully below, the Court finds that the Petition is mixed—i.e., it contains both exhausted and unexhausted claims. Because the Court may not adjudicate such a petition, the Court will permit Petitioner to elect between (i) withdrawing her unexhausted claim and having the Court rule on her remaining claim; or (ii) requesting a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust her unexhausted claim.

***Background.*** The Court recounts only the facts necessary to assess whether Petitioner has fully exhausted the grounds for habeas relief alleged in the Petition. The following recitation of facts by the New Jersey Superior Court, Appellate Division provides relevant background:

> Defendant and two co-defendants agreed to shoot another individual. One of the co-defendants drove defendant to the individual's location, and defendant fired a handgun at that individual but missed. Co-defendant drove off, circled back,

> defendant fired another shot, but missed again. Defendant and her co-defendants were subsequently arrested.
>
> Defendant pled guilty to Counts One, Three, and Four, and the State dismissed the remaining counts. Defendant established a factual basis. The judge then accepted the plea, and later sentenced defendant to ten years on Count Three, concurrent with five-year prison terms on Counts One and Four, subject to the eighty-five percent parole ineligibility period of the No Early Release Act (NERA), *N.J.S.A.* 2C:43-7.2. Defendant appealed her sentence as excessive and we affirmed. *State v. Ortiz*, No. A-33-22-11 (App. Div. Aug. 29, 2012).
>
> Defendant filed this petition arguing that her plea counsel failed to obtain an expert to determine whether defendant's purported use of medication prevented her from pleading guilty voluntarily and knowingly. The PCR judge denied the petition without an evidentiary hearing.

*State v. Ortiz*, No. A-2828-13T2, 2015 WL 2417408, at *1 (N.J. Super. Ct. App. Div. May 22, 2015) (footnotes omitted).

As the New Jersey Appellate Division notes, Petitioner filed a direct appeal of her conviction but challenged only her sentence. *See id.* In early 2013, Petitioner also filed a Petition for Post-Conviction Relief ("PCR"). (*See* D.E. No. 6-7 at 79). In her PCR, Petitioner initially argued that her plea counsel provided ineffective assistance because her attorney: (i) "knew that on the day that she pled guilty, she was under the influence of various medications for her schizophrenia, bipolar, and anxiety disorders;" (ii) "took advantage of her mental state" and pressured her into pleading guilty; (iii) "should have had her evaluated prior to pleading guilty" because despite the fact that her attorney told the court that she was competent to plead guilty, "he is not a psychiatrist;" and (iv) failed to investigate another shooting that occurred in the same area as Petitioner's charged crimes. (*See id.* at 6-7 at 94-96). After oral argument, the PCR court denied Petitioner's PCR on November 21, 2013. (*See* D.E. No. 6-6 at 33-37).

On appeal of her PCR denial, Petitioner raised the following claims:

POINT I

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

POINT II

AS A RESULT OF [TRIAL] COUNSEL'S FAILURE TO RETAIN AN EXPERT TO DETERMINE WHETHER DEFENDANT'S SCHIZOPHRENIA, AND THE PSYCHOTROPIC MEDICINE SHE WAS TAKING, AFFECTED HER ABILITY TO ENTER A KNOWING AND VOLUNTARY PLEA, DEFENDANT LACKED A FULL UNDERSTANDING OF THE CONSEQUENCES OF HER GUILTY PLEA, AND SHE WAS DEPRIVED OF HER CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

*Ortiz*, 2015 WL 2417408, at *1.

The Appellate Division affirmed the PCR court's denial. *See id.* Petitioner subsequently filed a petition for certification to the New Jersey Supreme Court in which she raised claims for relief not raised before the Appellate Division. (*See* D.E. No. 6-10). That petition for certification was denied without comment on July 10, 2015. (*See* D.E. No. 6-14).

Petitioner filed a timely habeas petition in early 2016. (*See* D.E. No. 1). The Petition contains two grounds for relief. (*See id.* at 6-7).

In Ground One, Petitioner asserts that:

> Petitioner's trial counsel provided constitutionally ineffective assistance by failing to have a psychiatric examination performed on petitioner, failing to obtain petitioner's medical/psychiatric records from the county jail, and failing to obtain psychiatric records from prior mental health providers in the community, which would have provided evidence of petitioner's mental illness at the time of the offense. Petitioner had a long history of mental illness prior to when this offense was committed and had undergone treatment, yet counsel did nothing to prepare for a psychiatric defense.

(*See id.* at 6).

In Ground Two, Petitioner asserts that:

> Petitioner's guilty plea was not entered knowingly, intelligently and voluntarily because she was in an altered mental state due to the medications she was taking at the time and because her trial attorney pressured her to plead guilty.

(*See id.* at 7).

***Legal Standard.***  Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B).  *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993).  To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "The burden is on the habeas petitioner to prove exhaustion."  *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005).  The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts."  *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).  In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief."  *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same).  The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction

under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts: the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

**Analysis.** Here, it appears from the record submitted by Respondent that Petitioner did not raise each ground for relief in her habeas Petition to every level of the state court. The Court has compared the grounds raised in Petitioner's state PCR proceedings and the relevant legal arguments, with the grounds raised in Petitioner's federal habeas Petition, and it appears to the Court that Ground One of Petitioner's habeas action is indeed unexhausted, as Petitioner did not raise this claim in her PCR proceedings before either the New Jersey Superior Court, Law Division or the New Jersey Superior Court, Appellate Division. Specifically, Petitioner appears to argue in her habeas Petition that her plea counsel was ineffective for failing to investigate her mental health at the time she *committed* the offenses for which she was charged and the possible defenses that could have arisen from that investigation, whereas Petitioner argued in her PCR proceedings that her plea counsel was ineffective for failing to investigate whether her mental health affected her *ability to plead* knowingly and voluntarily.

The Petition is therefore mixed (i.e., it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273. Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed

petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

"[I]f a stay is not warranted, then the petitioner may elect to delete the unexhausted claims." *See Gould*, 2011 WL 6756920, at *3. "[I]f he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2)." *Id.* (internal citations omitted).

*Conclusion.* For the reasons above, the Court will permit Petitioner **within 90 days** to submit a signed writing in which she either (i) elects to withdraw her unexhausted claim and have the Court rule on her remaining claim; or (ii) request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust her unexhausted claim.[1] Any request by Petitioner for a stay pursuant to *Rhines* must include facts showing that she had good cause for her failure to exhaust; her unexhausted claims are potentially meritorious; and she did not engage in dilatory tactics. **Failure to submit the signed writing within 90 days may result in a dismissal without prejudice of both claims.**

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] The Court makes no determination whether Petitioner will meet the requirements for a stay.